FILED
 2006 Sep-19  PM 02:18
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RICHARD LAKE,                )
                             )
       Plaintiff,           )
                             )
vs.                          )   Case No. 2:06-cv-0145-SLB-TMP
                             )
DONAL CAMPBELL, et al.,      )
                             )
       Defendants.          )

MEMORANDUM OF OPINION

       The magistrate judge filed a report and recommendation on August 14, 2006, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) so that plaintiff may pursue his deprivation of property claim through the Alabama Board of Adjustment.  (Doc. 7.)  The plaintiff filed objections to the report and recommendation on August 29, 2006. (Doc. 8.)

       In his objections, plaintiff acknowledges that the Board of Adjustment "might provide a degree of monetary relief," but contends that the Board "was not created to deal with complex legal issues and can not usurp the legal authority of the court." (Doc. 8.)  Plaintiff asserts that, aside from depriving plaintiff of the use and enjoyment of his property, defendants' failure to provide him with his legal material is in retaliation for his constant complaints and operates to deny his constitutional right to access the court.  (Doc. 8.)

       Plaintiff's claim that defendants confiscated his property in retaliation for making complaints is without merit.  Plaintiff states in his complaint that he was ordered to pack his personal belongings

into four (4) or five (5) paper bags in preparation for transfer to another prison. (Doc. 1 at 3-4.) He states, "Plaintiff was offered to leave all his property that couldn't get into four (4) paper bags." (Doc. 1 at 3.) Plaintiff concedes that he left what personal property he did not put into the paper bags. There are no facts before the court that demonstrate defendants intentionally deprived plaintiff of his property. Instead, the facts show that it was plaintiff's responsibility to pack his belongings and he made the conscious decision to fill his allotted bags with certain items and leave the rest, including some of his legal material. Plaintiff argues that past prison policy allowed transferring prisoners to pay the postage to have their property shipped to the receiving prison. However, plaintiff does not allege that this is currently the prison's policy. Even if it is current policy, the mere fact that agency regulations have been violated does not by itself raise a constitutional issue. *United States v. Caceres*, 440 U.S. 741 (1979). Based on the foregoing, plaintiff has failed to show that defendants deprived him of any property, much less in retaliation for alleged complaints. As such this claim is due to be dismissed.

Plaintiff further contends that defendants' failure to provide him with his legal materials constitutes a denial of his right to access the court. The Supreme Court has held that the due process clause of the Fourteenth Amendment assures inmates a right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). It is now clear, however, that in order to prevail on a claim that his right of access to the courts has been violated, an inmate must establish prejudice, *i.e.*, that "his efforts to pursue a legal claim" were "hindered." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Following *Lewis v. Casey*, a "plaintiff must allege that the denial of access proximately caused some prejudice to a legal claim," in order to adequately state a denial of access to the courts claim.

*Heister v. Kralik*, 981 F. Supp. 830, 840 (S.D. N.Y. 1997). As the Court of Appeals for the Eleventh Circuit has explained:

> With respect to access-to-court claims, *Lewis* clarifies that a plaintiff first must show actual injury before seeking relief under *Bounds*. *See Bass v. Singletary*, 143 F.3d 1442, 1444 (11th Cir.1998). This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. *See id*. at 1445. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials. *See id*. at 1446. Therefore, in an access-to-courts claim, "a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic." *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir.1996) (per curiam). Rather, a plaintiff must demonstrate that the lack of a law library or inadequate access to counsel hindered his "efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." *Id*.

*Wilson v. Blankenship*, 163 F. 3d 1284, 1290-91 (11th Cir. 1998). Plaintiff has not shown that he suffered an actual injury as a result of defendants' alleged actions and therefore his claim that defendants violated his right to access the court is due to be dismissed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the complaint is due to be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1997(e). A Final Judgment will be entered.

DATED this 19th day of September, 2006.

_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE